DEERING v. LADD, Assignee, and another.[1]

(*Circuit Court, D. Minnesota.* December Term, 1884.)

1. CHATTEL MORTGAGE — FRAUDULENT PREFERENCE — MINNESOTA INSOLVENT LAW.

> On examination of the evidence, *held,* that it does not show that the mortgagee had reasonable cause to suppose that the mortgagor was insolvent at the time the chattel mortgage sought to be foreclosed was given.

2. SAME — ELEVATOR BUILT ON RAILROAD LAND UNDER LICENSE — PERSONALTY.

> An elevator built on land owned by a railroad company, under a license allowing the owner to operate it for the mutual benefit of himself and the company, and with a right to remove it, though the removal might injure the structure, is personal property, and a mortgage thereon a chattel mortgage.

In Equity.

*D. S. Griffin* and *L. C. Spooner,* for plaintiff.

*C. H. Benton,* for defendant.

NELSON, J., (*orally.*)  This is a suit brought by the plaintiff to foreclose a chattel mortgage.  Just previous to the foreclosure the mortgagor made an assignment under the insolvency law of this state.  The assignee intervenes in this case, and has filed his answer opposing the suit of the plaintiff, who is the mortgagee.  The question raised is that the mortgage was a preference contrary to the insolvency statute of the state of Minnesota, and that at the time it was given the mortgagor was insolvent, and the mortgagee had reasonable cause to believe that he was insolvent.  Another question is presented by the pleadings: the claim is made by the intervenor that the property is real, and not personal.  The property embraced in the mortgage is an elevator built on the land by permission of the Hastings & Dakota Railroad Company.  That permission is a license; there is no written contract, and all the testimony with regard to it is oral.  But it is very clear, from the evidence of the agent and of the superintendent of the railroad company and of the mortgagor, that the latter had a license to go upon the property of the company and build the elevator.  He did so, and operated it in connection with the railroad company as a benefit both to himself and to it.

I have examined the evidence in the case, and think there is nothing to show that the mortgagee had reasonable cause to suppose that the mortgagor was insolvent at the time the mortgage was given.  The mortgagee resided in Chicago, and the mortgagor in this state, and it is true that he sent an agent to look after his claim, which was a promissory note, and in the conversation with the mortgagor there is, perhaps, something that might lead the agent to suspect that the mortgagor was not in a solvent condition, or might not be solvent within the strict view of the insolvent law, and that he was not able to pay his paper on its maturity.  At that time the mortgagor said

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

that, while he could not pay it all at once, he could pay a portion of it, and in a few days would pay the balance.   There was nothing to show that he was even pressed by the mortgagor, and in their conversation it was manifest that both parties—both the agent and the mortgagor himself—supposed he was worth thirty or forty thousand dollars.   I do not think the evidence is sufficient, even within the decisions of the supreme court of the United States under the bankrupt law, to show the mortgagee had reasonable cause to believe that the mortgagor was insolvent at the time this mortgage was taken.   As to the question raised by the intervenor that this was a mortgage on realty, and not on personal property, there can be no doubt; for, under the license, the owner of the elevator had a right to remove the structure; and, though it was so fixed that it might be injurious to the building to remove it, yet the mortgagee had a right to take the property away, and the owner of the land had no authority over or claim to it as a part of, and appurtenant to, the land itself.   It was a chattel mortgage.   A decree of foreclosure will be entered, and the case will be referred to a master, to take an account and report.   Decree entered accordingly.